Battle, J.
 

 We concur in (lie opinion expressed by his Honor upon the case agreed in the Court below. The lease executed by Enoch Sawyer to the lessors of the plaintiff on the 22nd day of .1 anuary, 1848, gave them a right to the possession of all the lands contained within the metes and bounds therein set forth, unless certain parts or lots of said land were excepted thereout. The case states expressly, that certain lots were so excepted, among which were
 
 “
 
 half the Davis lot leased to Henly, and half to Davis for ten years.” The whole lot, then called the Davis lot, was excepted out of, and of course could not pass by, that clause of the lease to the lessors of the plaintiff. But the lease contains another clause, to-wit: that when any of the terms embraced in the exceptions expire, they are included in it. The counsel for the lessors contends, that under the operation of this clause, taken in connection with the facts stated in another part of the case, they are entitled to recover. Those facts are, in substance, that Sawyer had previously to the 22d of January, 1848, made a parol lease to Henly for one-half of the Davis lot, and had promised to make a lease to Davis for the other half, and that after the said 22d January, he, at different times, had executed leases to Henly, embracing the whole lot.
 

 The counsel argues, that the reason assigned for the exception
 
 *71
 
 of the Davis lot, out of the lease to the lessors of the plaintiff, did not estop said lessors from showing that the leases recited, as having been made to Henly and Davis respectively, were leases by parol, and as such were void and of no effect under our act of 1819, 1 Rev. Stat. ch. 50, sec. 8. We agree with the counsel, that there was no estoppel; but we do not see how that can make any difference. The lot in question was in fact excepted, no matter what reason was assigned for it. The exception was absolute and unconditional, and did not at all depend upon the truth or falsehood of the recital, that leases for ten years had been made respectively to Davis and Henly. The counsel then argues, that the terms of the leases to Davis and Henly, which is different from the
 
 times
 
 of said leases, 2 Black. Com. 144,4 Bac. Abr. 171, expired by surrender or otherwise; and that by a clause in the lease to tlie lessors of the plaintiff, above referred to, they fell into it. We see nothing stated in the case agreed to support the position. The parol lease to Henly certainly did not expire in anyway; on the contrary, it was made effectual by the execution of a written lease to him for his half of the Davis lot on the first day of 'March, 1848. There was no lease of any kind to Davis in existence on the 22d January, 1848, and therefore there could be none to expire. His written lease was surrendered to Sawyer, the landlord, before the said 22d of January, and at the time he had only a promise for a lease; and the case states expressly, that the exception in the lease to the lessors of the plaintiff was made, in order to enable Sawyer
 
 u
 
 to comply with his promise to Davis and Henty.” A lease of Davis’s half was on the 2d June, 1848, for some cause not stated, and which we deem totally immaterial, made by Sawyer to Henly; and as the defendants claim under him, they were entitled to the whole Davis lot, at the time when the suit was commenced.
 

 The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.